Opinion issued March 24, 2020



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00528-CV

_____

**KUMAR L. MACHANI, Appellant**

**V.**

**BRECKENRIDGE PROPERTY FUND 2016, LLC, Appellee**

---

**On Appeal from County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Case No. 19-CCV-065124**

---

## MEMORANDUM OPINION

Appellant, Kumar L. Machani, filed his notice of appeal from the trial court's

July 17, 2019 judgment for possession in favor of appellee, Breckenridge Property

Fund 2016, LLC. The clerk's record was filed on August 27, 2019, and the reporter's

record was filed on October 16, 2019. Appellant's brief, therefore, was due on November 15, 2019. *See* TEX. R. APP. P. 38.6(a). Appellant failed to timely file a brief. On November 18, 2019, this Court issued a notice to appellant that his time to file a brief had expired, notifying appellant that, within 10 days of the notice, he must file a motion requesting an extension of time along with his brief, or a motion to extend the deadline to file his brief. Appellant was further advised that failure to do so could result in a dismissal for want of prosecution.

Appellant failed to submit any filing by the extended December 2, 2019 deadline set by the Court. On December 17, 2019, appellee filed a motion to dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief); 42.3(b) (allowing involuntary dismissal of case). On January 9, 2020, this Court denied appellee's motion, because it failed to include the required certificate of conference. *See* TEX. R. APP. P. 10.1(a)(5). The Court further ordered appellant to file a brief and a motion requesting an extension of time within 15 days of the date of the order, notifying appellant that failure to do so may result in dismissal of the appeal for want of prosecution.

Appellant again failed to submit any filing by the extended January 24, 2020 deadline. On February 21, 2020, appellee filed its second motion to dismiss for want of prosecution. *See* TEX. R. APP. P. 38.8(a), 42.3(b). Appellee's second motion to dismiss included the required certificate of conference, certifying that counsel for

appellee made a reasonable attempt to confer with appellant regarding the merits of the motion. *See* TEX. R. APP. P. 10.1(a)(5). More than ten days have passed, and appellant has not responded to the motion. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a).

Accordingly, we grant appellee's motion and dismiss the appeal for want of prosecution, failure to file a brief, and failure to comply with an order of this Court. *See* TEX. R. APP. P. 42.3(b), (c), 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Landau, and Countiss.